**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KIANA DAWSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:26-cv-11752** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **AMAZON.COM SERVICES LLC,** | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

Plaintiff, Kiana Dawson ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Amazon.com Services LLC ("Defendant"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), seeking redress for Defendant's sex-based discrimination, sexual harassment, and retaliation.

2. This lawsuit further arises under Illinois common law and the public policy expressed in the Illinois Workers' Compensation Act, 820 ILCS 305/4(h), seeking redress for Defendant's retaliatory discharge of Plaintiff.

3. This lawsuit further arises under the Illinois Whistleblower Act, 740 ILCS 174/1 *et seq.* ("IWA"), seeking redress for Defendant's retaliation against Plaintiff for disclosing information that Plaintiff reasonably believed disclosed a violation of law.

4. This lawsuit further arises under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 et seq. ("USERRA"), seeking redress for

Defendant's discrimination against Plaintiff on the basis of her membership in and service obligations to the Illinois Army National Guard.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4) as Title VII and USERRA are federal statutes, and jurisdiction is further conferred by 42 U.S.C. § 2000e-5 and 38 U.S.C. § 4323(b)(3).

6. This Court has supplemental jurisdiction over Plaintiff's Illinois-law claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy.

7. No administrative exhaustion is required as a precondition to Plaintiff's claims under the Illinois Whistleblower Act or her common law claim for retaliatory discharge.

8. Venue properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices alleged herein were committed in this District and because Plaintiff would have continued to work in this District but for those practices. Venue is also proper as to Plaintiff's state law claims pursuant to 28 U.S.C. § 1391(b) because Defendant operates and transacts business in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Venue is also proper as to Plaintiff's USERRA claim pursuant to 38 U.S.C. § 4323(c)(2) because Defendant maintains a place of business in this District.

## ADMINISTRATIVE PREREQUISITES

9. All conditions precedent to suit under Title VII have occurred or been satisfied.

10. On or about July 14, 2026, Plaintiff filed Charge No. 440-2026-09154 with the Equal Employment Opportunity Commission ("EEOC"), which charge was cross-filed with the Illinois Department of Human Rights, attached hereto as Exhibit "A."

11. On or about August 18, 2026, the EEOC issued, and Plaintiff received, a Notice of Right to Sue as to Charge No. 440-2026-09154, attached hereto as Exhibit "B."

12. Plaintiff filed this Complaint within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue.

13. No administrative exhaustion or other administrative prerequisite is required as a precondition to Plaintiff's claim under USERRA, 38 U.S.C. § 4323(a).

## PARTIES

14. Plaintiff, Kiana Dawson, is an individual and resident of Cook County, Illinois.

15. Defendant, Amazon.com Services LLC, is a limited liability company organized under the laws of Delaware with a business address located at 2201 West 159th Street, Markham, Illinois 60428, located in Cook County, Illinois.

16. At all times relevant, Plaintiff was an employee and Defendant was an employer within the meaning of Title VII and the Illinois Workers' Compensation Act, 820 ILCS 305/1 *et seq.* ("IWCA").

17. At all times relevant, Defendant employed at least fifteen (15) employees and was a covered employer under Title VII.

18. At all times relevant, Plaintiff was a member of a uniformed service and Defendant was an employer within the meaning of USERRA, 38 U.S.C. § 4303(4) and (13).

## BACKGROUND FACTS

19. Plaintiff was employed by Defendant as a Warehouse Associate from on or about March 18, 2026 until her termination on or about June 25, 2026.

20. As a Warehouse Associate, Plaintiff's duties included but were not limited to working at a pick station in Defendant's pick department.

21. Plaintiff was assigned to a night shift that ran from Wednesday through Saturday.

22. Plaintiff met the obligations of her job duties, including by meeting or exceeding Defendant's productivity and quality expectations for her pick station throughout her employment.

23. Throughout her employment, Plaintiff received no discipline, counseling, reprimand, or performance warning from Defendant, and Defendant never communicated to Plaintiff any deficiency in her performance.

24. Upon information and belief, similarly situated male employees, who submitted comparable military or leave documentation that Defendant characterized as incomplete or delayed were not terminated or otherwise disciplined by Defendant.

25. Plaintiff is female.

26. Plaintiff is also a member of the Illinois Army National Guard and, at all times relevant, had periodic military training obligations that required her to report for drill and training away from work.

27. In or about March 2026, a coworker who identified himself as Idris [LNU] ("Idris"), and employed by Defendant at its Markham, Illinois facility, began making unwelcome sexual advances toward Plaintiff.

28. The coworker repeatedly made comments about Plaintiff's body.

29. The coworker asked Plaintiff where she lived and whether she lived alone.

30. The coworker sent Plaintiff unwanted text messages of a personal nature.

31. On or about April 9, 2026, the coworker sent Plaintiff text messages in which he identified himself as Idris and stated that he was thirty years old.

32. On or about April 10, 2026, the coworker sent Plaintiff text messages stating, "Do not be confuse I really want to get close to you and know you more," and "Everything about you is natural with beauty."

33. The coworker's conduct was unwelcome and made Plaintiff feel uncomfortable and unsafe.

34. In an effort to stop the harassment, Plaintiff blocked the coworker's telephone number.

35. After Plaintiff blocked him, the coworker confronted Plaintiff at work by cornering her near the restroom and demanding to know why she had blocked him.

36. Plaintiff immediately reported the incident to the coworker's manager, Angel Sisanero ("Sisanero").

37. In or about April 2026, Plaintiff was instructed by Sisanero to contact Defendant's Ethics Line.

38. In or about April 2026, Defendant opened an internal investigation.

39. In or about April 2026, Plaintiff timely submitted her National Guard schedule to Defendant's human resources department.

40. On or about April 30, 2026, Plaintiff's Illinois Army National Guard unit issued a memorandum for Plaintiff to provide to Defendant stating that Plaintiff was required to report for military training on May 1 and May 2, 2026.

41. On or about May 7, 2026, Plaintiff's Illinois Army National Guard unit issued a further memorandum for Plaintiff to provide to Defendant stating that Plaintiff was required to report for military training from May 15 through May 17, 2026.

42. In or about May 2026, after Plaintiff's military obligations changed, Plaintiff provided Defendant an amended schedule.

43. Defendant failed to update Plaintiff's work schedule to reflect the amended military schedule.

44. On or about June 1, 2026, Plaintiff's Illinois Army National Guard unit provided Plaintiff a further employer memorandum covering May 2, 2026, which the unit acknowledged was delayed.

45. On or about June 1, 2026, Defendant's Disability and Leave Services Trust and Integrity Program informed Plaintiff that it had received all necessary documentation for her leave case and had completed its review of those documents.

46. On or about June 2, 2026, Defendant's investigator instructed Plaintiff to work as usual and informed Plaintiff that the case had been closed.

47. In or about June 2026, Plaintiff spoke with a human resources representative named Lian ("Lian"), who requested screenshots of the coworker's text messages.

48. On or about June 8, 2026, Plaintiff sent Defendant's human resources department screenshots of the coworker's text messages.

49. On or about June 10, 2026, Defendant's human resources department told Plaintiff that it had not received the messages and asked Plaintiff to resend them.

50. On or about June 12, 2026, Plaintiff provided Defendant's human resources department the coworker's Amazon credentials.

51. On or about June 17, 2026, Defendant's human resources department told Plaintiff that her assistance would still be needed to obtain more information about the coworker.

52. On or about June 17, 2026, Plaintiff suffered a work-related injury when she twisted her ankle while climbing down a ladder.

53. On or about June 17, 2026, Plaintiff reported the injury to management.

54. On or about June 17, 2026, Plaintiff was evaluated by Defendant's onsite medical provider, who provided Plaintiff with a splint and a heating pad.

55. On or about June 18, 2026, Defendant's human resources department informed Plaintiff that a member of Defendant's PXT team would contact her to identify the coworker.

56. Plaintiff was informed that Defendant could not identify any employee associated with the name or telephone number that Plaintiff had provided.

57. Because her condition did not improve, Plaintiff sought additional medical treatment at an urgent care facility on or about June 25, 2026.

58. On or about June 25, 2026, Defendant learned that Plaintiff had sought outside medical treatment for her work-related injury.

59. On or about June 25, 2026, Defendant terminated Plaintiff's employment.

60. On or about June 25, 2026, Defendant told Plaintiff that she was being terminated because of "improper paperwork" related to her National Guard service and her work schedule.

61. On or about July 10, 2026, Defendant informed Plaintiff that it had identified a gap in its handling of her documents and had reinforced expectations with the responsible parties.

62. Defendant's stated reason for terminating Plaintiff's employment was false and pretextual, in that Plaintiff met the obligations of her job duties throughout her employment, Defendant had confirmed that it received and reviewed all necessary documentation for

Plaintiff's leave case, and Defendant itself acknowledged a gap in its own handling of Plaintiff's documents.

63. Since her termination, Plaintiff has experienced and continues to experience significant emotional and psychological harm, including stress, anxiety, sleep disturbance, and depressed mood, as well as the loss of her income and employment benefits.

64. Plaintiff also continues to fear for her personal safety because the coworker asked her where she lived and whether she lived alone, and Defendant never identified the coworker or confirmed that he no longer has access to Plaintiff's personal information.

## COUNT I
**Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1)**
**(Sex-Based Discrimination)**

65. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

66. Plaintiff met the obligations of her job duties.

67. Defendant subjected Plaintiff to termination of her employment.

68. Plaintiff's sex was a motivating factor in Defendant's adverse employment actions.

69. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff because of her sex in violation of Title VII, 42 U.S.C. § 2000e *et seq.*

70. Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights. 42 U.S.C. § 1981a(b)(1).

71. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, income, and benefits, as well as emotional distress, mental anguish, inconvenience, and loss of enjoyment of life.

## COUNT II
**Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1)**
**(Sexual Harassment - Hostile Work Environment)**

72. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

73. Defendant subjected Plaintiff to sex-based harassment, including unwelcome sexual advances, repeated comments about Plaintiff's body, questions about where Plaintiff lived and whether she lived alone, unwanted text messages of a personal nature, and cornering Plaintiff near the restroom at work.

74. The harassment was unwelcome and was subjectively and objectively offensive.

75. The harassment was so severe or pervasive as to alter the conditions of Plaintiff's employment and create an abusive working environment.

76. Defendant knew or should have known of the harassment and failed to take prompt and appropriate corrective action.

77. By virtue of the conduct alleged herein, Defendant harassed Plaintiff because of her sex in violation of Title VII, 42 U.S.C. § 2000e *et seq.*

78. Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights. 42 U.S.C. § 1981a(b)(1).

79. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, income, and benefits, as well as emotional distress, mental anguish, inconvenience, and loss of enjoyment of life.

**COUNT III**
**Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a)**
**(Retaliation)**

80. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

81. Plaintiff engaged in protected activity under Title VII by reporting sexual harassment to Defendant.

82. Defendant knew that Plaintiff engaged in protected activity.

83. After Plaintiff engaged in protected activity, Defendant subjected her to termination of her employment.

84. Plaintiff's protected activity was a but-for cause of Defendant's adverse actions.

85. By virtue of the conduct alleged herein, Defendant retaliated against Plaintiff in violation of Title VII, 42 U.S.C. § 2000e-3(a).

86. Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights. 42 U.S.C. § 1981a(b)(1).

87. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, income, and benefits, as well as emotional distress, mental anguish, inconvenience, and loss of enjoyment of life.

**COUNT IV**
**Retaliatory Discharge in Violation of Illinois Public Policy**
**(Illinois Workers' Compensation Act, 820 ILCS 305/4(h))**

88. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

89. Illinois has a clearly mandated public policy protecting employees who exercise rights under the IWCA.

90. Plaintiff exercised rights under the IWCA by reporting a work-related injury to Defendant and by seeking medical treatment for that injury.

91. Defendant knew that Plaintiff exercised her rights under the IWCA.

92. Defendant terminated Plaintiff's employment in retaliation for her exercise of rights under the IWCA.

93. Plaintiff's exercise of her rights under the IWCA was a proximate cause of her termination.

94. Defendant's retaliatory discharge violated Illinois public policy as expressed in the IWCA, including 820 ILCS 305/4(h).

95. Defendant's conduct was willful and wanton and was undertaken with actual malice and with such disregard of Plaintiff's rights as to warrant an award of punitive damages.

96. As a direct and proximate result, Plaintiff suffered and continues to suffer loss of employment, income, and benefits, as well as emotional distress, mental anguish, inconvenience, and loss of enjoyment of life.

## COUNT V
## Violation of the Illinois Whistleblower Act, 740 ILCS 174/15
## (Retaliation)

97. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

98. At all times relevant, Plaintiff was an employee and Defendant was an employer within the meaning of the IWA.

99. Plaintiff disclosed information to Defendant that Plaintiff reasonably believed disclosed a violation of a State or federal law, rule, or regulation, by reporting sexual harassment to Defendant.

100. Plaintiff had a good faith belief that the conduct she reported violated Title VII.

101. After Plaintiff's disclosure, Defendant took retaliatory action against Plaintiff by terminating her employment.

102. Plaintiff's disclosure was a cause of Defendant's retaliatory action.

103. By virtue of the conduct alleged herein, Defendant retaliated against Plaintiff in violation of the Illinois Whistleblower Act, 740 ILCS 174/15.

104. Defendant acted with malice or with reckless indifference to Plaintiff's rights under the Illinois Whistleblower Act.

105. As a direct and proximate result, Plaintiff is entitled to all relief necessary to make her whole under 740 ILCS 174/30, including back pay with interest, front pay, liquidated damages, the statutory civil penalty, and interest.

## COUNT VI
**Violation of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4311(a)**
**(Discrimination on the Basis of Military Service)**

106. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

107. At all times relevant, Plaintiff was a member of the Illinois Army National Guard and performed service in a uniformed service within the meaning of USERRA, 38 U.S.C. § 4303(13), and Defendant was an employer within the meaning of 38 U.S.C. § 4303(4).

108. Plaintiff timely provided Defendant notice of her military training obligations, including the employer memoranda issued by her Illinois Army National Guard unit and her amended military schedule.

109. On or about June 25, 2026, Defendant terminated Plaintiff's employment and told Plaintiff that she was being terminated because of "improper paperwork" related to her National Guard service and her work schedule.

110. Plaintiff's membership in a uniformed service, and her performance of service and obligations attendant to that service, were a motivating factor in Defendant's decision to terminate her employment, and Defendant cannot show that it would have taken the same action in the absence of that membership, service, and those obligations. 38 U.S.C. § 4311(a), (c)(1).

111. Defendant's violation of USERRA was willful within the meaning of 38 U.S.C. § 4323(d)(1)(C), in that Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights under USERRA.

112. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, income, and benefits, and is entitled to lost wages and benefits, liquidated damages, and equitable relief under 38 U.S.C. § 4323(d) and (e).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and award the following relief:

a. Back pay and other lost compensation;

b. Payment of interest on all recoverable back pay and other monetary losses;

c. Front pay;

d. Lost employment benefits;

e. Compensatory damages on Counts I, II, III, and IV, including damages for emotional distress, mental anguish, inconvenience, and loss of enjoyment of life;

f. Punitive damages on Counts I, II, III, and IV, to the extent authorized by law;

g. All relief necessary to make Plaintiff whole under the Illinois Whistleblower Act, 740 ILCS 174/30, on Count V, including back pay with interest, front pay, liquidated damages, the statutory civil penalty, and interest;

h. Lost wages and benefits, liquidated damages, and equitable relief under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4323(d) and (e), on Count VI;

i. Appropriate declaratory and equitable relief;

j. Reasonable attorneys' fees and costs to the extent authorized by law;

k. Prejudgment and post-judgment interest to the extent authorized by law; and

l. Any other relief that the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 24, 2026.

***/s/ Kelly Dean Pearce, Esq.***
Kelly Dean Pearce, Esq.
Yasmeen Elagha, Esq.
Mohammed O. Badwan, Esq.
Atlas Law Center, Ltd.
2500 South Highland Avenue,
Suite 200,
Lombard, Illinois 60148
Phone (630) 575-8181
Fax (630) 575-8188
dpearce@atlaslawcenter.com
yelagha@atlaslawcenter.com
mbadwan@atlaslawcenter.com
*Attorneys for Plaintiff*